# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08-CR-701 CAS |
| ) | |
| KAREN K. COLEMAN, JAMES M. ) | |
| KORNHARDT and STEVEN A. MUELLER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER OF PARTIAL DISMISSAL

This matter is before the Court on various pretrial matters. Pursuant to 28 U.S.C. § 636(b), this Court referred all pretrial matters to United States Magistrate Judge David D. Noce. On January 6, 2010, Judge Noce filed an Order and Recommendation of United States Magistrate Judge Regarding Non-Evidentiary Motions (the "Order and Recommendation") (Doc. 177), which ordered as follows:

> (1) The voluntary motion of the United States to dismiss Count Five of the second superseding indictment was sustained, and Count Five was dismissed from the second superseding indictment. (Doc. 106)
>
> (2) The in limine motion of the United States for the admission of the statements of co-conspirators under <u>Bruton v. United States</u>, was deferred to the undersigned for ruling. (Doc. 127)
>
> (3) The motions of defendants Kornhardt and Mueller for a bill of particulars were denied. (Docs. 85 and 117)
>
> (4) The motions of defendants Kornhardt and Mueller for disclosure of the government's intention to use Rule 404(b) evidence at trial were denied without prejudice as moot. (Docs. 87 and 115)
>
> (5) The motions of defendants Kornhardt and Mueller for severance of defendants were denied without prejudice, (Docs. 88 and 112), subject to the district court's

ruling on the government's motion in limine to admit co-conspirators' statements. (Doc. 127)

(6) The motions of defendants Kornhardt and Mueller to strike surplusage from the indictment were denied. (Docs. 89 and 118)

(7) The motions of defendants Kornhardt and Mueller for disclosure of favorable evidence were denied. (Docs. 90 and 116)

(8) The motions of defendants Kornhardt and Mueller for an order that the government preserve memoranda of witness interviews and rough drafts of other information were denied without prejudice as moot. (Docs. 91 and 114)

(9) The motion of defendant Kornhardt for a severance of counts be sustained in that (a) Counts 1, 2, and 3 be tried together with all defendants; and (b) Count 4 be tried separately. (Doc. 122)

The Order and Recommendation recommended that:

(1) The motions of defendants Kornhardt and Mueller to dismiss the indictment for failure to state a claim be denied. (Docs. 86 and 119)

(2) The second motions of defendants Kornhardt and Mueller to dismiss the indictment for failure to state a claim (Docs. 95 and 120) be ruled as follows:

    (a) Denied as to Count One of the indictment.

    (b) Granted as to Count Two, with respect to the alleged uses of the mail and facilities in interstate commerce before September 13, 1994, the effective date of the legislation that added the death penalty for violation of § 1958.

    (c) Denied as to Count Two with respect to alleged uses of the mail and facilities in interstate commerce after the September 13, 1994 addition of the death penalty for violation of § 1958.

(3) The third motions of defendants Kornhardt and Mueller to dismiss the indictment be denied. (Docs. 96 and 121)

The government filed a motion for reconsideration of the Order and Recommendation with respect to the recommendation in paragraph (2)(b) above, that the motions to dismiss the indictment be granted in part as to Count Two. Judge Noce granted the motion for reconsideration and then

issued an Order and Recommendation on Motion to Reconsider (Doc. 177), which recommended that the prior recommendations remain in effect and the government's objections be denied.

**Defendants' Objections**

Defendants Kornhardt and Mueller filed general objections to the Order and Recommendation. The defendants objected to "each and every adverse ruling, decision, finding and order contained in" the Order and Recommendation as being against the weight of the evidence and contrary to existing law, but did not specifically identify any errors in the Order and Recommendation. Instead, the defendants incorporated by reference their pretrial motions and the arguments and objections made at the hearing on the motion.

The Court has carefully and independently reviewed the full record, and has read the transcripts of the motion hearing held in this matter on August 28, 2009, and the evidentiary hearing held on November 3, 2009. The Court is in full agreement with facts as recited by the Magistrate Judge and the stated rationale of the Magistrate Judge's recommendations to the extent he recommended that the motions of defendants Kornhardt and Mueller be denied, and will adopt the same.

**Government Objections**

The government objects to the Order and Recommendation and the Order and Recommendation on Motion to Reconsider to the extent they recommend the dismissal of Count Two of the second superseding indictment with respect to the alleged uses of the mail and facilities in interstate commerce before September 13, 1994, the effective date of the legislation that added the death penalty for violation of § 1958. The government concedes that it cannot seek the death penalty for defendants' actions in Count Two taken prior to September 13, 1994, but contends that

the statute of limitations does not bar prosecution of the defendants for actions they took prior to September 13, 1994. For the following reasons, the Court agrees.

In support of their motions to dismiss the charges of murder-for-hire in violation of 18 U.S.C. § 1958(a), Count Two of the second superseding indictment, defendants argue that the applicable statute of limitations is 18 U.S.C. § 3582, which provides a five-year statute of limitations, not 18 U.S.C. § 3281, which provides that "[a]n indictment for any offense punishable by death may be found at any time without limitation." Defendants note that prior to the 1994 amendment of § 1958(a), the applicable statute of limitations for a § 1958 murder-for-hire case was five years pursuant to 18 U.S.C. § 3582. After the statute was amended in 1994 to authorize the death penalty, a § 1958 offense that resulted in death was no longer subject to a statute of limitations, pursuant to 18 U.S.C. § 3581.

Defendants state that a revision to a criminal statute of limitations is unconstitutional as an ex post facto law where it revives an expired statute of limitations, but concede that an unexpired statute of limitations may be extended by the legislature. See Stogner v. California, 539 U.S. 607 (2003). Defendants assert, however, that a law is presumed to operate only prospectively in the absence of a clear expression to the contrary, citing United States v. Richardson, 512 F.2d 105, 106 (3rd Cir. 1975) (per curiam). The revision of 18 U.S.C. § 1958(a) to increase the penalty for murder-for-hire cases resulted indirectly in an extended limitations period. Defendants state that Congress did not mention in the legislation or legislative history any intent other than to increase the penalty, and never mentioned any effect on the statute of limitations. See H.R.Rep. No. 103-324, H.R.Rep. No. 103-489, H.R.Conf.Rep. No. 103-694, H.R.Conf.Rep. 103-711, reprinted in 1994 U.S.C.C.A.N. 1801 et seq. Consequently, defendants contend the limitations period cannot be

4

extended as to acts that occurred before the effective date of the 1994 amendment. In support, defendants cite United States v. Owens, 965 F. Supp. 158, 165 (D. Mass. 1997), which held that the 1994 amendments to 18 U.S.C. § 1958(a) did not extend the statute of limitations for existing Section 1958 murder-for-hire cases in the absence of a statement of congressional intent:

> the enactment of what is nothing more than a sentencing statute, without any reference to the statute of limitations, is a strong indicator that Congress intended to remove the limitations period only as to crimes covered by the enhanced sentencing scheme, i.e., crimes committed after the effective date of the Violent Crime Act. Accordingly, this Court rules that the Violent Crime Act did not extend the statute of limitations . . . .

Owens, 965 F. Supp. at 165.

On September 14, 1994, Congress amended the federal murder-for-hire statute, 18 U.S.C. § 1958, to make murder-for-hire an offense punishable by death. As a result of this amendment, the limitations period for murder-for-hire offenses was extended indefinitely under 18 U.S.C. § 3281, which provides that "[a]n indictment . . . may be found at any time without limitation" for an offense "punishable by death." Count Two of the Superseding Indictment alleges substantive violations of 18 U.S.C. § 1958 occurring both before and after September 13, 1994. The original five-year limitations period was still pending as to all of the charged pre-September 13, 1994 violations when the amendment extending the limitations period became effective.

In the initial Order and Recommendation, the Magistrate Judge recommended that the pre-1994 violations should be barred by statute of limitations, on the ground that the death penalty could not be sought for such violations under the Ex Post Facto Clause. (Doc. 157 at 9-11). The Magistrate Judge concluded that because the death penalty could not be constitutionally sought for such violations, they were not capital crimes subject to the extended limitations period of 18 U.S.C. § 3281. Id.

5

The Government filed a motion for reconsideration of this ruling, citing case law holding that any offense for which the statute provides the death penalty is "punishable by death" under section 3281, even if the death penalty cannot be sought in certain cases. In the Order and Recommendation On Motion To Reconsider, the Magistrate Judge accepts this aspect of the Government's argument, observing that "[f]or purposes of the statute of limitations, a crime can be a 'capital crime,' even where imposing the death penalty would be unconstitutional. All that matters is Congress's intention that certain crimes be 'capital crimes.'" (Doc. 177 at 2).

The Magistrate Judge continues to recommend that the pre-1994 violations of the statute of limitations are barred by statute of limitations, but on a different ground. The Magistrate Judge states that while Congress may extend a criminal limitations period without violating the Ex Post Facto Clause as long as the original period has not already expired, citing United States v. Chandler, 66 F.3d 1460, 1467 (8th Cir. 1995), Congress must speak expressly when extending the still-pending limitations period for already-completed crimes because of the presumption against retroactivity, citing Owens, 965 F. Supp. at 164. (Doc. 177 at 3-5).

The government objects to the Magistrate Judge's conclusion that legislative extensions are presumed inapplicable to still-pending limitations periods, as contrary to the overwhelming weight of authority. The government asserts it is a long-held principle that legislative extensions are presumed to apply to already-pending limitations periods: "Extensions of the statute of limitations are presumed applicable to all actions whether pending or not, in the absence of any expressed intention to the contrary." Norman J. Singer et al., 2 Sutherland's Statutes and Statutory Construction § 41:4, at 434-35 n.39 (7th ed. 2009); see also id. § 41:4, at 434-35 ("Courts presume that procedural statutes [such as statutes of limitations] apply retroactively.").

The government asserts that numerous cases have applied the presumption that a legislative extension to a statute of limitations period applies to all still-pending limitations periods, including United States v. Madia, 955 F.2d 538, 540 (8th Cir. 1992) (upholding the extension of an already-pending limitations period by the enactment of 18 U.S.C. § 3293, despite the absence of any explicit statement by Congress that it should apply to already-committed crimes); United States v. Gibson, 490 F.3d 604, 609 (7th Cir. 2007) (upholding the application of 18 U.S.C. § 3296, which "effectively" – though not directly – "enlarges the limitations period," in a case where the limitations period had begun but not yet expired), cert. denied, 128 S. Ct. 1646 (2008); and United States ex rel. Massarella v. Elrod, 682 F.2d 688 (7th Cir. 1982) (holding that an extension of the limitations period by indirect amendment to the punishment provisions effectively extended the period for already-committed crimes for which the limitations period was still pending), cert. denied, 460 U.S. 1037 (1983).

The law is well settled that extending a limitations period before a prosecution is barred does not violate the Ex Post Facto Clause. Madia, 955 F.2d at 539-40. The Court does not agree with Owens' holding that when Congress enlarges the applicable statute of limitations, the action will be given retroactive effect only when Congress expresses that intent. See Owens, 965 F. Supp. at 164-65. The Eighth Circuit has consistently applied amendments to statutes of limitation retroactively in the absence of express congressional intent. See Madia, 955 F.2d at 539-40; see also United States v.Jeffries, 405 F.3d 682, 685 (8th Cir. 2005) (holding that 18 U.S.C. § 3509(k), which extended the limitations period for sex offenses against children, applied to all cases in which the statute of limitations had not expired, because "§ 3509(k) extended the statute of limitations period before the prosecution was time barred."); United States v. Johns, 15 F.3d 740, 743 (8th Cir. 1994) (same);

7

United States v. Chandler, 66 F.3d 1460, 1467-68 (8th Cir. 1995) (holding that 18 U.S.C. § 3293, which was amended in 1989 to extend the limitations period for offenses under 18 U.S.C. § 657 from five to ten years, applied to defendant's crimes committed in 1985). Significantly, in Jeffries, the Eighth Circuit specifically rejected the defendant's argument that absent a clear statement from Congress, the limitations extension should not apply to some of his crimes, which were committed prior to the 1990 enactment of § 3509(k). The Owens decision requiring express congressional intent is therefore contrary to Eighth Circuit precedent because it does not follow the presumption that amendments to statutes of limitation are procedural changes to be applied retroactively.

Owens did not discuss the distinction between procedural and substantive changes in the law. A panel of the Fifth Circuit Court of Appeals criticized Owens on the basis that it "applies a rule of prospective application to both a change in the available penalty and the resulting procedural change in the statute of limitations that applies without recognizing that procedural changes generally apply retroactively." United States v. Seale, 542 F.3d 1033, 1043 (5th Cir. 2008), reh'g en banc, 570 F.3d 650 (5th Cir. 2009) (reversing panel opinion by an evenly-divided court). The Fifth Circuit's non-precedential panel opinion in Seale also concluded there is no meaningful difference between a statutory amendment that expressly changes a statute of limitations, such as the one discussed in the Eighth Circuit's Jeffries opinion, and one which indirectly changes the limitations period by changing the punishment, such as in the instant case, where the actual effect of the amendment is only to make a procedural change. Seale, 542 F.3d at 1043. This Court agrees.

**Conclusion**

For these reasons, the Court concludes that the 1994 amendment extending the statute of limitations for murder-for-hire offenses in § 1958 applies to all cases for which the limitations period

8

had not yet expired.  This includes all of the substantive violations of the statute charged in Count Two of the second superseding indictment.  Defendants' motion to dismiss should therefore be granted only with respect to the potential imposition of the death penalty for conduct charged in Count Two that occurred prior to September 13, 1994, the effective date of the amendment.

Accordingly, after a de novo review,

**IT IS HEREBY ORDERED** that defendants Mueller and Kornhardt's objections are overruled.

**IT IS FURTHER ORDERED** that the government's objections are sustained.

**IT IS FURTHER ORDERED** that the Order and Recommendation of United States Magistrate Judge on Non-Evidentiary Motions and the Order and Recommendation on Motion to Reconsider are **sustained, adopted** and **incorporated** herein except as set forth herein. [Doc. 157, 177]

**IT IS FURTHER ORDERED** that the motions of defendants Kornhardt and Mueller to dismiss the indictment are **DENIED**.  [Docs. 86, 119]

**IT IS FURTHER ORDERED** that the second motions of defendants Kornhardt and Mueller to dismiss the indictment for failure to state a claim are **GRANTED in part** and **DENIED in part**, as follows: [Docs. 95 and 120]

> (a) **DENIED** as to Count One of the second superseding indictment;
>
> (b) **GRANTED** as to any potential application of the death penalty under Count Two of the second superseding indictment with respect to the alleged uses of the mail and facilities in interstate commerce before September 13, 1994, the effective date of the legislation that added the death penalty for violation of 18 U.S.C. § 1958; and
>
> (c) **DENIED** in all other respects as to Count Two of the second superseding indictment.

**IT IS FURTHER ORDERED** that the third motions of defendants Kornhardt and Mueller to dismiss the indictment are **DENIED**. [Docs. 96, 121]

**IT IS HEREBY ORDERED** that Count Two of the second superseding indictment is **DISMISSED** with respect to any potential application of the death penalty under Count Two of the second superseding indictment for alleged uses of the mail and facilities in interstate commerce before September 13, 1994, the effective date of the legislation that added the death penalty for violation of 18 U.S.C. § 1958.

*[signature]*
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  2nd  day of March, 2010.